WILLIAMS *v.* GARDNER.

(Division B. May 5, 1930.)

[128 So. 111. No. 28558.]

**H. L. Finch**, of Laurel, for appellant.

**Collins & Collins**, of Laurel, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action in the court of a justice of the peace of Jones county, to recover of appellee the

value of certain stable and barnyard manure which appellant charged was wrongfully removed from his lands by appellee. There was a judgment in favor of appellant, from which judgment appellee appealed to the county court of the Second judicial district of that county, where there was a trial and judgment in favor of appellee; and from that judgment appellant appealed to the circuit court, where the judgment of the county court was affirmed. From the judgment of the circuit court appellant prosecutes this appeal.

During the year 1928, appellee, Sam Gardner, was a tenant of Dr. Barkley, on the latter's farm land. As provided in the lease contract, Dr. Barkley furnished the land, work stock, feed for the stock, tools and farm implements to work with, and a portion of the fertilizer to produce the crop.; and the agricultural products grown on the leased premises were divided share and share alike between the lessor and the lessee.

On the 2nd of November, 1928, Dr. Barkley sold and conveyed the leased lands, including all the stock thereon, consisting of mules, cattle, and hogs, the farm implements, and his share of the agricultural products for the year, to appellant, who thereupon took possession of the property, and became the landlord of the appellee, Gardner, and this relation continued until the expiration of the lease on December 31, 1928.

At the time appellant purchased the property there was on the barnyard and in the stables a lot of manure. Before the expiration of the lease, and after the purchase of the property by appellant, appellees H. and J. G. Blackledge, purchased from appellee Gardner, and removed from the leased premises, a lot of manure. This action was brought against appellee by appellant to recover its value.

The evidence in behalf of appellee tended to show that the manure so sold and removed was exclusively droppings from the stock of appellees Gardner and H. Blackledge, and not from appellant's stock; and that while on the premises, the stock of appellees Gardner and H.

Blackledge were fed on feedstuff furnished by them alone, and not from any furnished by appellant or Dr. Barkley, his predecessor in title.

The court refused a directed verdict in favor of appellant on the question of liability; and that action of the court alone is assigned and argued as error.

In considering and determining the propriety of the action of the court in refusing to direct a verdict for appellant, every material fact favorable to appellee's contention, which the evidence shows, either directly or by reasonable inference, should be taken as established.

So viewing the evidence, the case is this: The lands were leased for agricultural purposes; the lessor furnished the necessary farm implements, the stock, and feedstuff, to be used in cultivating the land; and thus equipped, the tenant produced the crops. During the term of the lease manure accumulated in the stables and on the barnyard, from droppings from the lessor's stock. There also accummulated, during the term of the lease, in the stables and on the barnyard of the leased premises, droppings from stock owned by the lessee, from feedstuff furnished and fed to them by the lessee, which feedstuff was grown elsewhere than on the leased premises. This manure was kept separate from that which was dropped by the lessor's stock, and before the expiration of the lease was by the lessee removed from the leased premises and sold. This manure is the subject-matter of this suit, and not that dropped by the lessor's stock.

The general rule is that manure made by the tenant's stock upon the leased lands, in the ordinary course of husbandry, in the absence of any agreement or custom to the contrary, becomes the property of the lessor, and belongs to the farm, as an incident necessary for its improvement and cultivation, and the tenant has no right to remove it from the leased premises, or to apply it to any other use. And this rule applies although the manure is made by the tenant's own stock, from his own feedstuff. In such a case, the manure is not regarded as a product of the land, to which the tenant is entitled, but

as an accretion to the land, belonging to the landlord. 36 C. J., page 100, sec. 736; 16 R. C. L., page 754, sec. 249. and cases cited in the notes. So far as we have been able to ascertain, this is a question of first impression in this state. There are authorities contrary to the general rule above stated, but we think the weight of authority, both in number and in soundness of reasoning, sustains the general rule.

It follows from these views that the court erred in not directing a verdict for appellant on the issue of liability and submitting to the jury, on appropriate instructions, the question of the value of the manure removed from the leased premises.

Reversed and remanded.